UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **JOHNNY JEROME GREER (#16489)** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 3:15-cv-00545 |
| | ) | Judge Trauger |
| **REGGINA DAY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**M E M O R A N D U M**

Plaintiff Johnny Jerome Greer, proceeding *pro se* and *in forma pauperis*, is an inmate at the Montgomery County Jail in Clarksville, Tennessee. He brings this action against Reggina Day, alleging that the conditions of his confinement violate the Eighth Amendment to the United States Constitution. (Docket No. 1). As relief, he seeks damages in the amount of fifty thousand dollars ($50,000). (*Id*. at p. 6).

The plaintiff's complaint is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e. Under the PLRA, the court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The court must read the plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L.Ed.2d 652 (1972), and accept the plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S. Ct. 1728, 118 L.Ed.2d 340 (1992).

The plaintiff's complaint is brought under 42 U.S.C. § 1983. To state a § 1983 claim, a

1

plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that the "deprivation was caused by a person acting under color of state law." *Tahf v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003)(citations omitted).

The plaintiff alleges that, while incarcerated at the Montgomery County Jail, the meals prepared and served by Reggina Day[1] often consist of spoiled or uncooked food items. (Docket No. 1 at p. 6). For example, the plaintiff alleges that the bread routinely served to him has mold on it, the potatoes are rotten, and the meat is so undercooked that its juice runs red on the plate. (*Id*. and Docket No. 5 at p. 1). The plaintiff alleges that, after having eaten the food on six to ten occasions, he has become ill and vomited "real bad." (*Id*.) The plaintiff has requested another meal tray at times but his requests have been denied. The plaintiff has filed grievances regarding the food quality and safety, but he has received no response.

The plaintiff's claim regarding the jail food implicates the Eighth Amendment. The Eighth Amendment is concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes v. Chapman*, 452 U.S. 337, 348, 101 S. Ct. 2392, 69 L.Ed.2d 59 (1981) (citation omitted). The plaintiff complains that the meals served by Reginna Day are spoiled and undercooked, and have made the plaintiff violently ill. At this stage of the proceedings, the court finds that the plaintiff's allegations are sufficient to state an Eighth Amendment claim. *See Velthuysen v. Aramark Corp., Inc*., 2014 WL 5442425, at *4 (W.D. Mich. Oct. 24 2014)(finding that prisoner stated an actionable Eighth Amendment claim when he alleged that the jail food served to him was spoiled, moldy, and rotten, and had caused him to become ill on more than one occasion).

---

[1] The complaint does not identify Ms. Day's specific job title. Ms. Day appears to be someone with supervisory or decision-making authority over the meals prepared in the jail's kitchen.

In conclusion, the court finds that the plaintiff has stated a colorable Eighth Amendment claim against Reginna Day under 42 U.S.C. § 1983. 28 U.S.C. § 1915A. This claim will be allowed to proceed for further development.

An appropriate order will follow.

_____
Aleta A. Trauger
United States District Judge